IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2098-FL

| | | |
|---|---|---|
| JAMES HANNA KELLY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALVIN W. KELLER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter came before the court on respondent's motion to dismiss (DE # 5) pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF THE CASE

On August 18, 2004,[1] petitioner was convicted in the Johnston County Superior Court of possession of cocaine with intent to sell or deliver, and speeding to elude arrest. (Resp't's Mem. Ex. 1.) Petitioner was determined to be a habitual felon. (Id.) Petitioner then was sentenced to a term of one hundred and twenty (120) to one hundred and fifty-three (153) months imprisonment. (Id.)

Petitioner appealed his conviction, and the North Carolina Court of Appeals found no prejudicial error. See State v. Kelly, 175 N.C. App. 421, 623 S.E.2d 368, 2006 WL 9574 (Jan. 3, 2006) (unpublished). In the interim, on April 6, 2006, petitioner filed a *pro se* motion for notice of

---

[1] Petitioner incorrectly indicated on his habeas petition that his date of judgment of conviction was October 27, 2003. However, petitioner's judgment of conviction reflects that October 27, 2003 was the date the offenses were committed, and that the date the judgment was entered was on August 18, 2004. (Resp't's Mem. Ex. 1.)

appeal in the North Carolina Supreme Court, which was denied on June 29, 2006. (Resp't's Mem. Ex. 3.) On November 28, 2006, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of North Carolina, challenging his August 18, 2004 convictions. See Kelly v. North Carolina, No. 5:06-HC-2208-D, 2008 WL 244174 (E.D.N.C. Jan. 29, 2008) (unpublished) (hereinafter "Kelly I"). On January 29, 2008, the Eastern District denied petitioner's § 2254 petition on the merits and on the grounds of procedural bar. Id.

On February 22, 2008, petitioner filed a *pro se* "motion to dismiss indictment" in the Johnston County Superior Court. (Resp't's Mem. Ex. 5.) Petitioner's motion was construed as a motion for appropriate relief and denied on March 31, 2008. (Id. Ex. 6.) On April 25, 2008, petitioner submitted a *pro se* petition for a writ of certiorari to the North Carolina Court of Appeals, which was denied on May 15, 2008. (Id. Exs. 7 and 9.) On January 26, 2009, petitioner filed a *pro se* "notice of appeal and petition for discretionary review and in alternative petition for writ of certiorari" in the North Carolina Supreme Court. (Id. Ex. 10.) The Supreme Court dismissed petitioner's motion on June 17, 2009. (Id. Ex. 11.)

On August 12, 2009, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleges that Johnston County did not have jurisdiction to prosecute him. On October 15, 2009, respondent filed a motion to dismiss, arguing that petitioner's habeas petition should be barred as second or successive. Although petitioner was notified of respondent's motion to dismiss, he failed to file a response.

2

## DISCUSSION

A. Motion to Dismiss

   1. Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1356 (1990)). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

   2. Analysis

Respondent contends that petitioner's petition should be dismissed as second or successive. Petitioner previously filed a petition seeking habeas relief for his August 18, 2004 convictions in Kelly I. Before a second or successive application for habeas relief may be filed in the district court, an applicant shall move in the appropriate court of appeals for an order authorizing the district court

3

to consider the application. 28 U.S.C. § 2244(b)(3)(A). The fact that petitioner's petition was dismissed on grounds of procedural default does not affect the requirement that he seek authorization under § 2244(b)(3)(A) to file a second or successive claim. See Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002) (holding that a dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a petition is successive). Petitioner has not sought authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2254 petition.

Because petitioner's claim is a second or successive § 2254 petition and petitioner has not sought authorization to file this action, this court does not have jurisdiction to review the matters set forth in the current petition until authorized to do so by the United States Court of Appeals for the Fourth Circuit. Accordingly, petitioner's habeas claim is DISMISSED without prejudice to allow him to seek the appropriate authorization to file this application.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the

issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 5) is GRANTED, and the action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case. The certificate of appealability is DENIED.

SO ORDERED, this the 1st day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge